## J. P. Kirby, Appellant, v. Emily Coolbaugh.

*Surety not obliged to notify creditor of his relationship.*

A defendant who is surety is under no obligation to give the holder of a judgment, notice of his relation as surety. Owen's Appeal, 11 W. N. C. 488, followed.

*Surety—Signature of judgment note as surety—Finding of fact—Appeals.*

The court below having found that one who had signed a judgment note did so in the capacity of surety, such finding will not be reversed unless for manifest error. *Held,* upon the facts existing in the case at bar, that no such manifest error appeared.

Argued Jan. 17, 1898. Appeal, No. 17, Jan. T., 1898, by plaintiff, from decree of C. P. Bradford Co., Feb. T., 1894, No. 57, striking off satisfaction of judgment and subrogating Emily Coolbaugh to the plaintiff's rights. Before RICE, P. J., WICK-HAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Rule on J. P. Kirby to show cause why satisfaction of judgment should not be stricken off and Emily Coolbaugh subrogated to his rights. Before SEARLE, P. J., of the 34th judicial district, specially presiding.

It appears from the evidence that E. B. Coolbaugh died intestate, leaving to survive him a widow, Emily Coolbaugh, and two sons, A. D. and F. H. Coolbaugh. At the time of his death he owned a house and lot in Towanda borough, and another in Monroe borough. On December 13, 1893, the sum of $1,100 was borrowed of John Sullivan, Jr., and A. D. and F. H. Coolbaugh and Emily Coolbaugh gave him their joint judgment note for the same. This Sullivan judgment was subsequently assigned to J. P. Kirby, who at that time, held a judgment against F. H. Coolbaugh for $400. In the fall of 1895, F. H. Coolbaugh died intestate, insolvent and owning no real estate except his interest in that of his deceased father. On the 8th of January, 1897, his interest in said real estate was sold by virtue of an order of the orphans' court for the payment of debts for $825, which sale was confirmed by the court, and, after taking out of this fund the costs of administration and the widow's $300 exemption claim, there remains in the administrator's hands the sum of $451.21. J. P. Kirby claimed this bal-

ance by virtue of his $400 judgment.   Emily Coolbaugh claimed it on her alleged right of subrogation in the Sullivan judgment as surety of the other defendants therein.   The right of the appellee to subrogation was resisted by the appellant on two grounds : (1) because she did not establish her allegation of suretyship; (2) because even if the appellee is a surety, she is not entitled to subrogation so as to effect the right of the appellant as a lien creditor to the funds in the hands of the administrator of F. H. Coolbaugh's estate.

The Sullivan judgment had been paid and satisfied in this way.   On January 11, 1897, J. P. Kirby, the then owner of it, issued an execution upon it.   The sheriff executed it, by levying upon the said real estate owned by the said E. B. Coolbaugh at the time of his death and by selling the interest of A. D. and Emily Coolbaugh in the house and lot in Towanda borough only, for the sum of $1,600.   Out of this fund the sheriff on the 4th of March, 1897, paid to Kirby $1,242.41 in satisfaction of the judgment.

The court below found as a fact that Emily Coolbaugh signed the Sullivan judgment note as surety, and as such surety has a right to be placed in the position to compel the proceeds of the property of the principal on which the judgment was a first lien which was first sold to pay this judgment to be first applied upon this judgment before her own, and consequently ordered that the entry of the satisfaction of the Sullivan judgment should be stricken off so far as it relates to the estate of F. H. Coolbaugh, deceased, the principal debtor, and that such judgment be marked to the use of Emily Coolbaugh, who was surety therein to the amount of $473.57, that being the amount of the proceeds of her property which was applied towards the payment of said judgment.   Plaintiff appealed.

*Errors assigned* among others were (1) in finding from the evidence that Emily Coolbaugh was surety on the note known as the Sullivan note.   (2) In finding from the evidence that Sullivan knew, when he took the note, that Emily Coolbaugh was surety.   (3) In finding that there has been no laches on the part of Emily Coolbaugh.

*I. McPherson*, with him *E. J. Angle*, for appellant.   The as-

signee of a judgment takes it subject to all defenses of the defendant against the plaintiff, but not subject to secret equities between other parties : Bank's Appeal, 98 Pa. 150 ; McMasters v. Wilhelm, 85 Pa. 218.

Laches on the part of Emily Coolbaugh should have been found. Not only was she silent when she ought to have spoken, but her silence misled the appellant to his injury: Douglass' Appeal, 48 Pa. 223.

Subrogation will not be allowed when it is inequitable, or will prejudice the rights of a creditor : Brandt on Suretyship and Guaranty, sec. 265.

*W. J. Young*, with him *E. Overton*, for appellee.—Being a surety, if Emily Coolbaugh paid the debt or any part of it, she is entitled to be subrogated to the rights of the plaintiff in the judgment to the amount so paid: Croft v. Moore, 9 W. 451 ; Gilfillan v. Dewoody, 157 Pa. 601 ; Owen's Appeal, 11 W. N. C. 488.

OPINION BY PORTER, J., March 21, 1898 :

The court below has found the fact to be that " on the 13th day of December, 1893, A. D. Coolbaugh, F. H. Coolbaugh and Emily Coolbaugh gave John Sullivan a note containing a confession of judgment for the sum of $1,100 ; said A. D. Coolbaugh and F. H. Coolbaugh were principals in said note, and the said Emily Coolbaugh signed the same as surety." The last clause of this finding is challenged by the appellant on the ground that it is not warranted by the evidence. Such a finding of fact would be disturbed only for manifest error. Here the evidence justifies the finding that Emily Coolbaugh was surety for her co-obligors. The testimony of Sullivan also discloses sufficient facts to sustain the finding of the learned judge that "Sullivan knew that Emily Coolbaugh was surety or was chargeable with such knowledge."

Sullivan assigned the judgment to Kirby, who paid value for it. No notice was given to Kirby of the relationship of the parties defendant by the assignor, by the defendants or by the record. The only contention on behalf of the appellant which presents any ground for reversing the court below is that there was laches on the part of Emily Coolbaugh in not informing Kirby

of the fact that she was a surety for her codefendants with the incidental right of subrogation in case she should be compelled to pay the judgment. This argument has been met and disposed of in the case of Owen's Appeal, 11 W. N. C. 488. It was there held that a defendant who was a surety was under no obligation to give to the holder of a judgment notice of his relation of surety, and the cases of Douglass' Appeal, 48 Pa. 223, and Gring's Appeal, 89 Pa. 336 (cited by the appellant in the present case) were there distinguished. In both of them the laches attributed to the surety was the failure to assert the right of subrogation until a considerable time had expired. In Owen's Appeal, supra, and in the present case the right of subrogation was asserted by application to the court promptly on the enforcement of the payment of the judgment by the surety. There the holder of a mortgage against one of two defendants bought a judgment prior in lien, and enforced the payment of the latter by the defendant whose lands were not covered by the mortgage. When the payment was thus enforced the right of subrogation was claimed by the defendant who paid the judgment. This right was sustained by the Supreme Court. The purpose in buying the judgment was apparently to compel its payment by the defendant whose lands were not covered by the mortgage held by the plaintiff. By this course it was hoped that the mortgage would be promoted in lien by the discharge of the judgment which was anterior to it.

Here the purchase of the Sullivan judgment by Kirby, and its collection from A. D. Coolbaugh and Emily Coolbaugh, was intended to operate as a payment of the judgment, and thus result in promoting the judgment held by Kirby against F. H. Coolbaugh to the position of the first lien on the fund held by the administrator for distribution in the orphans' court. Therefore, following the precedent of Owen's Appeal, we are led to confirm the action of the court below.

Judgment affirmed.